IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK W. ALLEN,

    Petitioner,

  v.

TERESA SCHWARTZ, Warden,

    Respondent.
                                       /

No. C 05-02107 CRB (PR)

**ORDER**

    Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from the Superior Court of the State of California in and for the County of Alameda.

    Per the order filed July 27, 2005, the court found that petitioner's seven claims, including errors in the jury instructions, jury misconduct and ineffective assistance of counsel, appeared colorable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.

    Respondent has filed an answer and petitioner has filed a traverse. In the answer, respondent alleges that claims 4 and 7 were not fairly presented in state court and therefore have not been properly exhausted. Petitioner concedes that claim 7 was not exhausted and

1 withdraws it, but he insists that claim 4 was fairly presented to the Supreme Court of
2 California.

3      In claim 4, petitioner argues that the combination of instructional errors cited in claims
4 1 and 2 created the separate error of effectively withdrawing his defense to the excessive
5 force element of the charged counts.  On careful review of the petition for review submitted
6 to the Supreme Court of California, the court finds that petitioner fairly presented this claim
7 to the state high court.  <u>See</u> Pet. for Review at 8-11.  Claim 4 was properly exhausted.

8      Importantly, the court does not read claim 4 as alleging cumulative error or
9 cumulative prejudice that resulted from individual errors in the state proceedings.  Claim 7
10 raised that issue.  Again, claim 4 alleges that the combination of errors in the jury charge
11 effectively deprived petitioner of his defense to the excessive force element of the charged
12 counts.

13      Within 15 days of this order, respondent shall supplement the answer to address the
14 fourth claim on the merits.  If petitioner wishes to respond to the supplemental answer, he
15 shall do so by filing a supplemental traverse with the court and serving it on respondent
16 within 15 days of his receipt of the supplemental answer.

17      Petitioner again is reminded that all communications with the court must be served on
18 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must
19 also keep the court and all parties informed of any change of address.

20 **IT IS SO ORDERED.**

23 Dated: September 14, 2006      CHARLES R. BREYER
     UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2107\ordertosupplement.wpd      2